# In the United States Court of Federal Claims

No. 22-201C
(Filed: March 8, 2022)

```
*****************************************
WILLIAM F. KAETZ,                        *
                                         *   Pro se plaintiff; sua sponte dismissal for lack
               Plaintiff,                *   of jurisdiction; breach of a plea agreement;
                                         *   breach of implied contract; contract implied-
v.                                       *   in-law; privity; constitutional violations;
                                         *   Administrative Procedure Act; injunctive
THE UNITED STATES,                       *   relief; application to proceed in forma
                                         *   pauperis
               Defendant.                *
*****************************************
```

William F. Kaetz, Paramus, NJ, pro se.

Christopher L. Harlow, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**

**SWEENEY**, Senior Judge

Plaintiff William F. Kaetz, proceeding pro se, filed suit in this court on February 22, 2022, alleging that the United States and its "collaborators" breached his plea agreement by not considering his home detention to be part of his term of imprisonment and by failing to return his property. Plaintiff also filed an application to proceed in forma pauperis. For the reasons stated below, the court grants that application, but dismisses plaintiff's complaint for lack of jurisdiction.

### I. BACKGROUND

Plaintiff was arrested and entered pretrial detention on October 18, 2020.[1] The following summer, he reached an agreement with the United States Attorney for the Western District of Pennsylvania to enter a guilty plea to one of the charges he faced. As part of that plea agreement, plaintiff and the United States Attorney stipulated that the "appropriate sentence" for plaintiff included "a term of imprisonment of 16 months" and "a term of supervised release of three years, with the condition that the first six months of supervised release be served in home detention[.]" Compl. Ex. 1c. The plea agreement did not include any provision indicating that a damages remedy was available for a breach of the agreement. Moreover, the plea agreement

---

[1] The facts in this section are derived from plaintiff's complaint and the exhibits attached to the complaint.

included a provision indicating that it "set[] forth the full and complete terms and conditions of the agreement between William Kaetz and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied." Compl. Ex. 1d.

On August 2, 2021, the United States District Court for the Western District of Pennsylvania entered a criminal judgment against plaintiff that adopted the stipulated terms of imprisonment and supervised release. The judgment also provided instructions for the disposition of property seized from plaintiff, including a firearm, ammunition, and electronic devices.

Plaintiff has been released from prison, and is now serving the first six months of his term of supervised release in home detention. Believing that his home detention is improper, and asserting that he cannot run his business due to the restrictions of home detention and the government's failure to return his property and computer data, plaintiff filed suit in this court.

In his complaint, plaintiff asserts that the United States and its "collaborators"—the United States Department of Justice, the United States Marshals Service, an employee of the office of the United States Attorney for the Western District of Pennsylvania, the United States Probation Office and two pretrial services officers, the Allegheny County Jail and its warden, the Northeast Ohio Corrections Center and its warden, his criminal defense attorney, two federal judges (erroneously identified as employees of the United States Department of Justice), the Federal Bureau of Prisons, the Designation and Sentence Computation Center and two of its employees, and BI Incorporated (the supplier of his GPS ankle bracelet)—breached the plea agreement. He further asserts that all of the named defendants breached implied contracts to uphold the United States Constitution ("Constitution") and perform the duties arising from the oath of office, employment agreements, and contractual obligations. More particularly, plaintiff alleges that under the United States Sentencing Guidelines, home detention may only be imposed as a substitute for imprisonment, and that his reasonable understanding, at the time he agreed to plead guilty, was that the six months of home detention was included within the sixteen-month term of imprisonment. Accordingly, he contends that his current home detention is a breach of contract and amounts to false imprisonment. He also contends that his home detention and the failure to return his property are breaches of contract that deprived him of his rights under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments to the Constitution.

Plaintiff seeks two forms of relief for the alleged breaches of contract. First, he requests $5000 for each month of his home detention for loss of income, $2000 for each day of his home detention for the loss of liberty, and $500 for each day of his home detention for the negligent and intentional infliction of emotional distress. Second, he requests an injunction under the Administrative Procedure Act directing the United States to adhere to the terms of his plea agreement and make the terms of future plea agreements clear with respect to home detention and the return of property.

Because the court clearly lacks jurisdiction to entertain plaintiff's claims, it dismisses the complaint without awaiting a response from the United States.

## II.  DISCUSSION

### A.  Jurisdiction in the United States Court of Federal Claims

Whether a court has jurisdiction to decide the merits of a case is a threshold matter.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868).  "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) (citation omitted); accord Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); see also Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[A] federal court [must] satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").  If the court finds that it lacks subject matter jurisdiction over a claim, Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") requires the court to dismiss that claim.

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in the plaintiff's favor.  Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).  The complaint of an individual proceeding pro se, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ."  Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  However, such a plaintiff is not excused from meeting basic jurisdictional requirements.  See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").  In other words, a plaintiff proceeding pro se is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction.  See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited.  "The United States, as sovereign, is immune from suit save as it consents to be sued."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  The waiver of immunity "cannot be implied but must be unequivocally expressed."  United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of the Court of Federal Claims, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States.[2]  28 U.S.C. § 1491(a)(1).  However, the

---

[2] In both the caption and the body of his complaint, plaintiff invokes the Tucker Act and the Administrative Procedure Act as bases for this court's jurisdiction over his claims.  The caption of his complaint also includes citations to 28 U.S.C. § 1331 and 28 U.S.C. § 1332, which

Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

### B. The United States Is the Only Proper Defendant

As an initial matter, the court addresses plaintiff's claims against the entities and individuals identified by plaintiff as "collaborators." It is well settled that the United States is the only proper defendant in the Court of Federal Claims. See 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); RCFC 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). The court will consider the claims asserted against federal agencies to be claims against the United States. However, the court does not possess jurisdiction to hear claims against individual federal government officials. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). It also lacks jurisdiction to entertain claims against state agencies and state officials. See Treviño v. United States, 557 F. App'x 995, 998 (Fed. Cir. 2014) (unpublished decision) (affirming the Court of Federal Claims' decision that it did not possess jurisdiction over claims against "states, localities, state and local government officials, state courts, state prisons, or state employees"). Nor does it have jurisdiction to hear claims between private parties. See Nat'l City Bank of Evansville v. United States, 163 F. Supp. 846, 852 (Ct. Cl. 1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained." (footnotes omitted)). Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." Sherwood, 312 U.S. at 588. Accordingly, the court dismisses plaintiff's claims against all named defendants other than the United States for lack of jurisdiction.

---

confer jurisdiction only on federal district courts. See 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). The Court of Federal Claims is not a district court. Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (per curiam). Accordingly, it lacks jurisdiction to entertain claims under these statutes. Accord Allbritton v. United States, 178 F.3d 1307, 1307 (Fed. Cir. 1998) (unpublished table decision) (noting that 28 U.S.C. §§ 1331 and 1332 "confer jurisdiction on district courts over certain claims but do not address the jurisdiction of the Court of Federal Claims").

### C. The Court Lacks Jurisdiction to Entertain Plaintiff's Claim for Breach of the Plea Agreement

The crux of plaintiff's complaint is that the United States breached the plea agreement by subjecting him to a term of home detention following his term of imprisonment and by failing to return his property. Binding precedent confirms "that federal and state prosecutors are authorized to enter into plea agreements . . . with criminal defendants and that such agreements are specifically enforceable." Sanders v. United States, 252 F.3d 1329, 1334 (Fed. Cir. 2001). Furthermore, in general, "when a breach of contract claim is brought in the Court of Federal Claims under the Tucker Act, the plaintiff comes armed with the presumption that money damages are available, so that normally no further inquiry is required." Holmes v. United States, 657 F.3d 1303, 1314 (Fed. Cir. 2011). However, "a different rule obtains where the agreement is entirely concerned with the conduct of the parties in a criminal case." Sanders, 252 F.3d at 1334; accord Kania v. United States, 650 F.2d 264, 268-69 (Ct. Cl. 1981).

It is well settled that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to" the Court of Federal Claims. Kania, 650 F.2d at 268; accord Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming the holding of the Court of Federal Claims that it had "no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"). Accordingly, although it is possible that a plea agreement could be "a binding contract subject to Tucker Act jurisdiction," such a plea agreement would need to include "specific authority" for the United States Attorney "to make an agreement obligating the United States to pay money" and terms "spelling out how in such a case the liability of the United States is to be determined." Kania, 650 F.2d at 268. "In other words, a claim for money damages for the alleged breach of such an agreement may not be maintained unless that agreement clearly and unmistakably subjects the government to monetary liability for any breach." Sanders, 252 F.3d at 1335; accord Higbie v. United States, 778 F.3d 990, 993 (Fed. Cir. 2015); see also Sanders, 252 F.3d at 1336 ("[T]he Supreme Court has made clear that claims for breach of plea agreements and other agreements unique to the criminal justice system should be brought in the courts in which they were negotiated and executed." (citing Santobello v. New York, 404 U.S. 257, 263 (1971))).

The plea agreement attached to plaintiff's complaint does not "clearly and unmistakably" subject the United States to monetary liability for its breach. Indeed, it lacks any language obligating the United States to pay money damages to plaintiff in the event that the United States breached its terms. Consequently, this court lacks jurisdiction over plaintiff's claim that the United States breached the agreement.

### D. The Court Lacks Jurisdiction to Entertain Plaintiff's Claim for Breach of an Implied Contract

Plaintiff also contends that the United States breached an implied contract with him to uphold the Constitution, as well as one or more implied contracts with him arising from the oath of office and the employment and contractual relationships between the United States and the other named defendants.

There is no question that the Court of Federal Claims possesses jurisdiction over claims for the breach of an implied contract with the United States. 28 U.S.C. § 1491(a)(1). However, the court's "jurisdiction extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." Hercules Inc. v. United States, 516 U.S. 417, 423 (1996). The two types of implied contracts differ significantly. City of Cincinnati v. United States, 153 F.3d 1375, 1377 (Fed. Cir. 1998).

> An agreement implied in fact is "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding." By contrast, an agreement implied in law is a "fiction of law" where "a promise is imputed to perform a legal duty, as to repay money obtained by fraud or duress."

Hercules Inc., 516 U.S. at 424 (citations omitted) (quoting Balt. & Ohio R.R. Co. v. United States, 261 U.S. 592, 597 (1923)). The Constitution is not a contract. Taylor v. United States, 113 Fed. Cl. 171, 173 (2013). But even if the Constitution could be considered an implied contract between plaintiff and the United States, it would be a contract implied in law. See, e.g., Drake v. United States, 792 F. App'x 916, 920-21 (Fed. Cir. 2019) (unpublished decision) (holding, in response to the plaintiff's argument that certain alleged constitutional violations were breaches of an implied contract arising from the Constitution, that "even if there were a legal basis for [the plaintiff's] reliance on the U.S. Constitution as an implied contract," the Court of Federal Claims lacks jurisdiction to consider claims for breach of implied-in-law contracts). Accordingly, the court lacks jurisdiction to entertain this claim.

Furthermore, for a plaintiff to maintain a claim for breach of contract—whether express or implied—under the Tucker Act, "there must be privity of contract between the plaintiff and the United States." Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998); accord First Annapolis Bancorp, Inc. v. United States, 644 F.3d 1367, 1373 (Fed. Cir. 2011) ("A plaintiff must be in privity with the United States to have standing to sue the sovereign on a contract claim."). Plaintiff cannot plausibly maintain that he is a party to the oaths of office taken by the named individual defendants or to the employment agreements and contracts between the United States and the other named defendants. Nor does plaintiff contend that he falls within one of the recognized exceptions to the privity requirement. See First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999) (indicating that exceptions to the privity requirement include suits by intended third-party beneficiaries, suits by subcontractors "by means of a pass-through suit when the prime contractor is liable to the subcontractor for the subcontractor's damages," and suits by government contract sureties "for funds improperly disbursed to a prime contractor."). The court therefore lacks jurisdiction over plaintiff's claims arising under these oaths and agreements.

### E. The Court Lacks Jurisdiction Over any Constitutional or Tort Claims Asserted by Plaintiff

In asserting that the United States is liable for breach of contract, plaintiff contends that the breaches resulted in his false imprisonment and the negligent and intentional infliction of

emotional distress, and deprived him of his rights under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. To the extent that these allegations are asserted as independent claims for relief, the court lacks jurisdiction to entertain them.

First, claims for false imprisonment and the infliction of emotional distress sound in tort, Quillin v. United States, 228 Ct. Cl. 727, 727 (1981) (false imprisonment); Curry v. United States, 609 F.2d 980, 983 (Ct. Cl. 1979) (emotional distress), and the court lacks jurisdiction over tort claims, 28 U.S.C. § 1491(a)(1). Second, with the exception of the Just Compensation Clause of the Fifth Amendment, the constitutional amendments invoked by plaintiff do not mandate the payment of money damages for their violation and therefore cannot provide the basis for suit in this court. See, e.g., Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'"); Brown, 105 F.3d at 623 ("[T]he Fourth Amendment does not mandate the payment of money for its violation. Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation." (citation omitted)); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); Carter v. United States, 228 Ct. Cl. 898, 900 (1981) (rejecting a liberty claim premised on the Thirteenth Amendment for lack of jurisdiction because the Thirteenth Amendment "do[es] not grant a right to the payment of money for [its] violation"). Third, although the Just Compensation Clause is a money-mandating provision, the court lacks jurisdiction to entertain claims under that clause when they arise from the government's seizure of property in conjunction with a criminal matter. See Acadia Tech., Inc. v. United States, 458 F.3d 1327, 1331 (Fed. Cir. 2006) ("When property has been seized pursuant to the criminal laws . . . , such deprivations are not 'takings' for which the owner is entitled to compensation. The same rule applies even if the property is seized as evidence in a criminal investigation or as the suspected instrumentality of a crime, but is ultimately returned to the owner . . . ." (citations omitted)).

In short, none of the claims asserted by plaintiff in his complaint, when the complaint is read in the light most favorable to plaintiff, is within the court's jurisdiction to adjudicate on its merits.

### F. The Court Lacks Jurisdiction to Award the Requested Equitable Relief

Even if the court possessed jurisdiction to entertain any of plaintiff's claims, it lacks jurisdiction to award the equitable relief plaintiff requests in his complaint. As a general matter, the court lacks jurisdiction to entertain claims—for injunctive relief or otherwise—under the Administrative Procedure Act. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (noting that the Court of Federal Claims "lacks the general federal question jurisdiction of the district courts, which would allow it to review the agency's actions and grant relief pursuant to the Administrative Procedure Act"). Furthermore, the court is generally without jurisdiction

to award declaratory and injunctive relief.[3]  See Bowen v. Massachusetts, 487 U.S. 879, 905 & n.40 (1988); Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec., 490 F.3d 940, 943 (Fed. Cir. 2007); Kanemoto v. Reno, 41 F.3d 641, 644-45 (Fed. Cir. 1994).

### III.  PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

Finally, as noted above, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis.  Pursuant to 28 U.S.C. § 1915, the Court of Federal Claims may waive filing fees and security under certain circumstances.  See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike).  Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress.  28 U.S.C. § 1915(a)(1).  Here, plaintiff has substantially satisfied all three requirements.  Accordingly, the court grants plaintiff's application and waives his filing fee.

### IV.  CONCLUSION

The court has reviewed plaintiff's complaint and determined that plaintiff has not asserted any claims over which the Court of Federal Claims possesses jurisdiction.  It therefore **GRANTS** plaintiff's application to proceed in forma pauperis but **DISMISSES** plaintiff's complaint for lack of jurisdiction.  The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Senior Judge

---

[3]  The limited exceptions to this rule are not relevant here.  See 28 U.S.C. § 1491(a)(2) (providing the court with jurisdiction to issue, "as incident of and collateral to" an award of money damages, "orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records"); id. (providing the court with jurisdiction to render judgment in nonmonetary disputes arising under the Contract Disputes Act of 1978); id. § 1491(b)(2) (providing the court with jurisdiction to award declaratory and injunctive relief in bid protests); id. § 1507 (providing the court with jurisdiction to issue declaratory judgments under 26 U.S.C. § 7428).